FISK, Appellant, *vs.* STEAMBOAT FOREST CITY, Respondent.

1. The plaintiff, at Louisville, Kentucky, engaged passage on a steamboat for Cairo, Illinois. Before the boat arrived at Cairo, the plaintiff, with the consent of the officers of the boat, extended his passage to St. Louis, and paid his fare. Before he changed his destination his trunk was lost. *Held,* he had no lien upon the boat for his damages, under our act concerning " boats and vessels."

*Appeal from St. Louis Court of Common Pleas.*

*Uriel Wright, Krum & Harding* for appellant. The court below erred in sustaining the demurrer. 1. The plaintiff's petition stated that the defendant was a boat used in navigating the waters of this state, and this was admitted by the demurrer. 2. The contract was to be completed at St. Louis. Before the boat reached Cairo, the plaintiff, with the consent of the officers of the boat, extended his passage to St. Louis. This was not a new contract, but a modification of the original one. The contract having been changed before the boat reached Cairo, it makes no difference that the trunk was previously lost. There was no breach of the original contract until the boat reached Cairo, and before that time it was modified.

*T. Polk* and *Hudson & Thomas,* for respondent. The plaintiff's petition states that the trunk was lost before the contract for transportation was extended to St. Louis. Thus the contract declared on was made in another state, was to be performed in another state, and the breach of it occurred in another state. In such case, there could be no recovery under our statute, against the boat as a defendant by name. *Twichell* v. *Steamboat Missouri* 12 Mo. Rep. 412. *Noble* v. *Steamboat St. Anthony,* 12 Mo. 261. *Steamboat Raritan* v. *Pollard,* 10 Mo. 583. 16 Ohio, 91, 178.

SCOTT, Judge, delivered the opinion of the court.

This is an action for the breach of a contract for the transportation of a passenger and his family with their baggage. The action is against the boat, and the question arises upon a demurrer to the petition.

The petition, after setting forth the contract to transport the plaintiff, his family and baggage, among which was a trunk containing a large sum of money, from Portland or Louisville,

in Kentucky, to Cairo, in Illinois, and his embarkation on the boat, and the commencement of her voyage from Portland to St. Louis (Cairo being an intermediate port) avers, that afterwards, before the arrival of said boat at Cairo, plaintiff changed his intention, and, with the consent of the said Shultz, then acting as clerk of said defendant, extended his said passage for himself and his family on said defendant from Louisville to said St. Louis, and paid his fare and passage money, viz: the sum of thirty-six dollars therefor; that before plaintiff changed his said intention, and while he still intended to leave at Cairo, while said trunk and contents were in the custody of defendant, said trunk was lost. The plaintiff further states, that the said defendant, on the termination of her said voyage to St. Louis, neglected and failed to deliver said trunk to the said plaintiff. The court sustained a demurrer to this petition.

1. This is an action against the boat itself, and the statute only subjects those boats that are used in navigating the waters of this state to liens, and suits for their enforcement, for enumerated causes of action, among which is a demand or damages accruing from the non-performance or mal-performance of any contract touching the transportation of persons or property. In the construction of this statute it has been held, that it has no extra-territorial operation; that boats are only subject to liens for causes of action arising in this state; that if the cause of action arises out of this state, though the boat may be found navigating the waters of this state, she is not subjected to a lien for it nor liable to a suit. *Noble* v. *Steamboat St. Anthony*, 12 Mo. Rep. 262. So the question is, whether the contract, as stated in the petition, is a contract made in the state of Missouri, according to the principles of international law.

The question is not, whether the plaintiff has any remedy, but whether he is entitled to the peculiar one he has adopted. In order to this, the contract must have been made in this state, or if made abroad, the parties must have contemplated that it

38—VOL. XVIII.

should be performed here. This contract was made abroad, and the injury that gave rise to the action was done out of the limits of this state. How can the extended agreement be construed to cover an article of property which the case admits was lost at the time of the agreement? Can the principle on which we act in these cases be evaded by making another contract to be performed here, in relation to one that has been made and violated abroad? If the agreement affected the lost property at all, it could only operate to postpone the time of bringing the action. All the elements of a cause of action existed before the contract was extended, and we cannot say that, under the original contract, the cause of action was not complete. That the extension was before the arrival of the boat at Cairo, can make no difference. The trunk was lost. If the captain had thrown the trunk in the river, would no cause of action have arisen until the boat arrived at the port of destination? If a member of the plaintiff's family had lost an arm by the gross misconduct of the officers of the boat, would not a right of action have arisen instantaneously? Will not the same principle apply to the loss of the trunk? The law, in postponing the right of making a demand until the arrival at the port of delivery, contemplates that the property is in the power of the carrier and can be delivered. Where a demand would be unavailing, none is required. The law does not require a nugatory act to be done.

With the concurrence of the other judges, the judgment will be affirmed.