MICHAEL BATTERS vs. LYMAN DUNNING AND OTHERS, COUNTY COMMISSIONERS.

The act of 1881, (Session Laws, 1881, ch. 61,) provides that the county commissioners in each county shall, upon the recommendation of the selectmen of the town where the business is to be carried on, license suitable persons to sell intoxicating liquors in suitable places in said county. Held that under the act the commissioners have a discretion to grant or refuse licenses to persons recommended by the selectmen.

And having this discretion the exercise of their judgment in the matter can not be controlled by a mandamus.

APPLICATION for a mandamus, to compel the respondents, commissioners of the county of Litchfield, to grant a license to the applicant to sell intoxicating liquors in the town of Torrington, he having been recommended by the selectmen of that town and residing there; brought to the Superior Court in Litchfield County, and upon the answer of the respondents and a finding of the facts, reserved for the advice of this court. The question decided will be sufficiently understood without a further statement of the facts.

H. B. Graves, for the applicant.

H. P. Lawrence and W. B. Smith, for the respondents.

LOOMIS, J. The controlling question in this case is, whether under the act of 1881, (Session Laws, 1881, chap. 61,) the county commissioners have a discretion to grant or deny a license to sell intoxicating liquors, to an applicant who comes with the recommendation of the selectmen of his town and tenders a satisfactory bond.

The language of the act to be construed is as follows:—

" The county commissioners of each county shall, upon the recommendation of the selectmen of the town in which such business is to be carried on, license, by a writing signed by them, suitable persons to sell or exchange intoxicating liquors in suitable places in said county; but before any person shall receive a license he shall file with said commissioners a joint and several bond to said county in the sum of one thousand dollars, with sufficient surety, conditioned for the due observance of all laws relating to intoxicating liquors."

If it had been the intention to exclude the exercise of discretion on the part of the commissioners, it would have been easy to do so by simply requiring them to grant licenses to all persons recommended by the selectmen, with the proviso as to the bond. But the statute proceeds to characterize by a general qualifying word the persons to be licensed and the places of business. Both the person and the place must be " suitable." This word is not defined by the law so that its application can be determined as mere matter of eye-sight, but it is left necessarily to be determined solely by the judgment of the commissioners based upon inquiry and information. And that the particular manner of exercising such judgment cannot be controlled by any court is too obvious to require the citation of any authorities.

We advise the Superior Court that the application for a mandamus in this case should be denied.

In this opinion the other judges concurred.