STATE ex rel. JOHN HOWIE v. COMMON COUNCIL OF CITY OF NORTHFIELD.[1]

December 30, 1904.

Nos. 14,219—(160).

**Intoxicating Liquor.**

The question whether a license for the sale of intoxicating liquors shall be granted to an applicant therefor within the city of Northfield rests in the sound judgment and discretion of the common council, in the exercise of which they act judicially, and not ministerially, and their action cannot be controlled or reviewed by mandamus.

**Saloon License.**

The council may, if in its judgment the best interests of the inhabitants of the city demand it, limit the number of saloon licenses to be granted.

Alternative writ of mandamus issued from the district court for Rice county, upon relation of John Howie, commanding respondent to issue to relator a license to sell intoxicating liquor within the city of Northfield, or to show cause to the contrary. From an order, Buckham, J., overruling a general demurrer to the answer, relator appealed. Affirmed.

*F. M. Wilson* and *A. B. Childress,* for appellant.

Article 1, section 2, of the constitution of this state provides: "No member of this state shall be disfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or judgment of his peers." The common council is not granted the power, expressly or impliedly, to limit the number of persons to whom it will issue, upon proper application, liquor licenses; it is simply granted the right "to restrain, control and regulate," and this power can never be extended to include prohibition. It cannot reject arbitrarily a person worthy to receive such a license and grant the favor to another without violating the foregoing constitutional

[1] Reported in 101 N. W. 1063.

94 M.—6

provision. Licensing authorities in passing on an application for license can exercise only a legal discretion, and have not a right to exercise arbitrary and capricious discretionary power regarding such application. Relators are entitled to a writ of mandamus to correct an abuse of arbitrary exercise of authority. State v. City of Alliance, 65 Neb. 524; Ex Parte Levy, 43 Ark. 42; Zanone v. Mound City, 103 Ill. 552; s. c. 11 Ill. App. 334; Amperse v. Common Council, 59 Mich. 78; Brock v. State, 65 Ga. 43; 11 Am. & Eng. Enc. (1st Ed.) 641–651, and 663; Black, Intox. Liq. § 170, et seq.; Freund, Pol. Powers, § 209; Yick Wo v. Hopkins, 118 U. S. 356; Sherlock v. Stuart, 96 Mich. 193; Ex Parte Theisen, 30 Fla. 529.

Municipal authorities may be required by mandamus to issue a license to sell liquors to one who is entitled thereto when they have arbitrarily and capriciously refused such license. High, Extra. Leg. Rem. (3d Ed.) § 327; Merrill, Mand. § 40; 2 Bailey, Jur. § 770; McLeod v. Scott, 21 Ore. 94.

The common council have not the power arbitrarily to determine that they will grant only five liquor licenses and to discriminate against the relator, for they have no charter power so to do. The only power granted is confined to the prescription of conditions. Horr & Bemis Mun. Pol. Ord. § 263; In re Barclay, 12 U. C. Q B. 86; In re Breystock, 12 U. C. Q. B. 458; In re Brodie, 38 U. C. Q. B. 580.

*Joseph Donaldson,* for respondent.

BROWN, J.

The facts in this case are as follows: The city of Northfield is a municipal corporation, created and existing under the provisions of chapter 17, p. 95, Sp. Laws 1875, and subsequent amendatory acts, with a population of about three thousand. Relator on June 14, 1904, filed with the city recorder an application for a license to sell intoxicating liquors within the city, with which was a bond in the penal sum of $2,000, in the form and conditioned as required in such cases by the ordinances of the city. He also paid to the city treasurer the sum of $1,200, the license fee fixed by the council for all licenses issued to applicants for the sale of intoxicating liquors. The application

was in all respects in due form; notice of hearing thereon was given by the council, as required by law; but on July 1, the time fixed for such hearing, the council refused to grant the license. No objections were made to relator on account of his character, and, for all that appeared, he was a fit and suitable person to whom a license might be granted. Upon these facts an alternative writ of mandamus was issued, requiring respondent to show cause why a license should not be issued to relator, to which respondent answered, setting up, among other things, after admitting substantially all the allegations of the writ, that the council, in refusing the license to relator, did so in the exercise of its discretion, as it had the right to do, and in accordance with the previous determination of the council to limit the number of saloons in the city to five; that prior to the consideration of relator's application five other applications had been considered and granted; and the reason for rejecting relator's application was that the council deemed it for the best interests of the people that there be no more than five licensed saloons in the city. To this answer relator demurred on the ground that the facts stated therein did not constitute a defense. The demurrer was overruled, and relator appealed.

By the act incorporating the city of Northfield the common council thereof was vested with full power

> To restrain, control and regulate the selling and disposing of spirituous, vinous, malt, fermented, or any intoxicating liquors within the said city, and may enforce the same by appropriate ordinances.

Under the authority thus conferred, the common council of the city passed an ordinance entitled "An ordinance to regulate and restrain the traffic in intoxicating liquors." The first section provides that no person or persons shall sell, give away, or dispose of any intoxicating liquors within the limits of the city without first obtaining a license therefor. The second section provides that every person who shall apply to the common council for a license to sell intoxicating liquors, and whose application shall be approved by the council, shall be entitled to receive the same subject to the conditions and restrictions

named and specified in other sections of the ordinance. It is contended by relator that a proper interpretation of the charter and ordinance under consideration entitles an applicant, as a matter of right, upon compliance with their provisions, to have a license for the sale of intoxicating liquors issued to him; and that, as the application in the case at bar was in all things in conformity with the requirements of the ordinance, a writ of mandamus should issue commanding the city council to issue the same.

It is contended that the council has no right arbitrarily to limit the number of saloons to be licensed; that, if it determines to grant licenses at all, it must grant them to all applicants who bring themselves within the provisions of the law. We do not concur in this contention. The provisions of the charter vest in the common council authority to regulate and control the sale of intoxicating liquors within the city, and in exercising that authority the council is clothed with discretionary powers, the exercise of which cannot be controlled by the courts. The power to regulate and control includes the power to do all that is deemed, in the judgment of the council, for the best interests of the municipality and its inhabitants. It necessarily confers the power to refuse a license, or to limit the number of licenses to be granted, when, in the judgment of the council, the welfare of the city suggests such action.

As remarked by Judge Flandrau in City of St. Paul v. Troyar, 3 Minn. 200 (291), a case involving the construction of charter provisions and an ordinance similar to those in the case at bar, unless the power to refuse is thus conferred, there would be no control or regulation, because, if the authorities were required to license every applicant who complied with a prescribed set of conditions, the authority would be changed from one of regulation and control to one of taxation—"from a power, the judicious exercise of which is essential to the very life of a city, into one entirely at the mercy of the individual citizen. * * * When we speak of a discretion in the city authorities in the exercise of a power, we mean, of course, a legal discretion, and not an arbitrary and uncontrollable sway. From the peculiarly democratic character of our municipal institutions, such powers cannot become dangerous in the hands of our rulers, except,

perhaps, in the granting of such licenses with too much liberality. We have never heard any complaints concerning the scarcity of such institutions."

The principle applied in that case is in harmony with the great weight of authority. Black, Intox. Liq. § 171, et seq.; Muller v. Commissioners, 89 N. C. 171; Batters v. Dunning, 49 Conn. 479; Ex parte Whittington, 34 Ark. 394. It was followed in State v. Board Commrs. of Carver County, 60 Minn. 510, 62 N. W. 1135, though the precise question was not there before the court. It was there said that the question whether a license to sell intoxicating liquors should be granted or refused in any case rests in the discretion of the board of county commissioners, in the exercise of which they act judicially, and not ministerially, and their action cannot be controlled or reviewed by mandamus. That was a case where the application was presented to the board of county commissioners, but the principle followed is applicable to the case at bar, the power vested in the county commissioners being similar to that granted to the city of Northfield. In this case the answer alleged that the city council, in the consideration of relator's application, exercised its judgment and discretion, and refused it because the best interests of the city required its refusal. This, within the authorities cited, the council had the right to do, and its conclusion cannot be controlled by mandamus. Black, Intox. Liq. § 172.

The further point made by relator that, under section 2 of the ordinance above quoted, he was entitled to a license as a matter of right, is not well taken. The section provides that every person who shall apply to the common council for a license to deal in intoxicating liquors, and whose "application shall be approved by the council," shall be entitled to receive such license. It is urged that the language, "shall be entitled to receive such license" makes it mandatory upon the council to issue all licenses where the applicants comply with all the preliminary conditions prescribed by the ordinance. This language, however, applies only to an applicant whose application "shall be approved," and whether any particular application shall be approved rests in the sound judgment and discretion of the council. If one be approved, and the recorder or mayor of the city should refuse to

issue the license, mandamus would lie to compel those officers to perform their duty and issue it; but mandamus will not lie to compel the approval of an application, where, as in this case, the granting or refusing· of the same involves an exercise of judgment and discretion on the part of the council.

Order affirmed.