## VALERIAN L. POLMAN AND ANOTHER v. CITY OF ROYALTON AND OTHERS.

249 N. W. 2d 466.

January 7, 1977—No. 46688.

*Rinke, Noonan, Grote & Smoley* and *William A. Smoley,* for appellants.

*Gordon Rosenmeier* and *John E. Simonett,* for respondents.

Considered and decided by the court without oral argument.

PER CURIAM.

Valerian and Patricia Polman seek review of the order of the District Court, Morrison County, which denied their petition for writ of man-

damus directing the city of Royalton to issue to them an off-sale liquor license. It is conceded that they were in all matters qualified for the license and that the city of Royalton had authority under Minn. St. 340.11, subd. 13, to issue the license.

By affidavit, the city averred that the license application was denied for the good of the city because, in the judgment of the majority of the city council members, the three existing establishments with liquor licenses fulfilled the need of the community and overtaxed the city's limited traffic and law enforcement facilities.

A city council is vested with broad discretion in determining whether to issue a liquor license. Wajda v. City of Minneapolis, 310 Minn. 339, 246 N. W. 2d 455 (1976); 10 Dunnell, Dig. (3 ed.) § 4911. The decision to grant or refuse an application for a liquor license cannot be controlled by mandamus unless the city council has acted arbitrarily, capriciously, or unreasonably. Wajda v. City of Minneapolis, *supra.*

A city council has the power to refuse a license or to limit the number of licenses to be granted, when, in the judgment of the council, the welfare of the city suggests such action. State ex rel. Howie v. Common Council of City of Northfield, 94 Minn. 81, 101 N. W. 1063 (1904). The city council's action in denying the Polmans' application was reasonable under the standards set forth in our decisions.

Affirmed.