**Vera STOLTZ d/b/a Fairbanks Bar, Appellant,**

v.

**CITY OF FAIRBANKS, Appellee.**

**No. S–581.**

Supreme Court of Alaska.

Aug. 2, 1985.

C.R. Kennelly, Kennelly, Azar & Donohue, P.C., Anchorage, for appellant.

Wm. Ronald Smith, Deputy City Atty, Herbert P. Kuss, City Atty, Fairbanks, for appellee.

## OPINION

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

MATTHEWS, Justice.

This case involves Vera Stoltz's attempt to move her bar, known as the "Fairbanks Bar," from 542 Second Avenue to 409 Second Avenue in Fairbanks. The Fairbanks City Council protested the move, but the Alcohol Beverage Control Board ("the Board") found that the City's protest was arbitrary, capricious, and unreasonable. Thus, it approved the move. The City appealed to the superior court, and the superior court reversed the Board's decision, thus disallowing the move. Mrs. Stoltz appeals the superior court's decision. We affirm.

### I.

Mrs. Stoltz leased the premises on which the Fairbanks Bar is located. Sometime before October 28, 1982, Mrs. Stoltz received notice from her landlord that the premises had been sold and that she would have to move. As such, on October 28, 1982, Mrs. Stoltz applied to the Board for a transfer of her alcohol license from 542 Second Avenue to 402 Second Avenue, where she had agreed to lease new premises.

Prior to this, in August of 1982, the Fairbanks City Council passed Resolution 2245 which provided that the Council would protest any renewal or transfer of liquor licenses within a specified area in Fairbanks (the "bar block"). The new location proposed by Mrs. Stoltz was approximately 300 feet outside the boundaries of this "bar block."

In late January of 1983, Mrs. Stoltz contacted Fairbanks City Manager W.C. Droz. She asked Droz if there was any way to get assurances from the City Council that her application would not be protested before she invested considerable sums in remodeling the premises. Droz prepared a memorandum to the City Council outlining these concerns on January 25, 1983. This memorandum was considered by the Council at its January 31, 1983 meeting. The Council decided unanimously at that meeting to issue a "policy statement" to Mrs. Stoltz, informing her that if the matter formally came before the Council, the Council would protest the move. The main reason given by members of the Council was that the proposed location was vigorously opposed by residents of the Golden Towers, a senior citizens housing complex, and by owners of other businesses in the area. The Golden Towers is located less than one-half block from the proposed location of Mrs. Stoltz's bar.

Mrs. Stoltz nonetheless continued to formally pursue her transfer application before the Board, and the matter again came before the City Council on February 28, 1983, when the Council held a public hearing on the matter. Once again, the Council voted unanimously to protest the move.

On March 8, 1983, the Fairbanks City Attorney sent the Board a letter objecting to Mrs. Stoltz's proposed license transfer.[1]

---

1. The letter stated in pertinent part:

   The Fairbanks city council at its regular meeting on February 28, 1983, voted unanimously to object to the transfer of the beverage dispensary liquor license of the Fairbanks Bar from 542 Second Avenue to 409 Second

The reasons stated for the objection were that the location would be near a concentration of other bars, and that many residents of the Golden Towers had objected to the move.

In early May of 1983, the Board informed the City that the Board had found the City's protest arbitrary, capricious, and unreasonable. Thus, the Board approved the application.

The City then requested a hearing before the Board, and one was granted. A hearing officer was appointed, and a hearing was held *de novo* on September 15, 1983. The hearing officer upheld the Board's determination on October 12, 1983, finding that the reasons given by the City for its protest were arbitrary, capricious, and unreasonable. This decision was adopted as the final decision of the Board.

The City appealed the Board's decision to the superior court. Judge Van Hoomissen reversed the Board's decision, finding it to be contrary to the clear mandate of the controlling statute, and therefore unreasonable and unsupported. Mrs. Stoltz appeals this ruling.

### II.

There is only one issue in this case: whether the City's protest was arbitrary, capricious, and unreasonable. If not, then the Board was not permitted to approve the transfer under AS 04.11.480(a). That statute provides:

> Protest. (a) If a local governing body wishes to protest the issuance, renewal, transfer of location or transfer to another person of a license, it shall furnish the board and the applicant with a protest and the reasons for the protest within 30 days of receipt from the board of notice of filing of the application. The board

shall consider a protest and testimony received at a hearing conducted under AS 04.11.510(b)(2) or (b)(4) when it considers the application, and the protest and the record of the hearing conducted under AS 04.11.510(b)(2) or (b)(4) shall be retained as part of the board's permanent record of its review of the application. *If an application is protested, the board may not approve the application unless the board finds that the protest is arbitrary, capricious, and unreasonable.*

(Emphasis added).

■ The statute makes it clear that the Board may not substitute its judgment for that of the local governing body. The limit of the Board's inquiry is therefore analogous to our inquiry of Administrative action: the action will be upheld unless arbitrary, capricious, or unreasonable.

■ We think that the City's protest was not arbitrary, capricious, and unreasonable. The City advanced two reasons for its protest: first, that the proposed location was too close to the Golden Towers, and second, that the proposed location was in an area which already contained a high concentration of bars. The evidence adduced at the hearing before the Board supported these reasons. These reasons represent logical and traditional grounds for opposing liquor licenses. *Williams v. Liquor Control Comm'n*, 175 Conn. 409, 399 A.2d 834 (1978); *Polman v. City of Royalton*, 311 Minn. 555, 249 N.W.2d 466 (1977); *Arizona State Liquor Bd. v. Jacobs*, 20 Ariz.App. 166, 511 P.2d 179 (1973). Therefore, the superior court correctly determined that the Board's decision was contrary to AS 04.11.480(a).[2]

AFFIRMED.

---

Avenue. The council members stated the reason they voted against it was because of the location near a concentration of other liquor establishments, even though not within the core area of Fairbanks, and its proximity to the Golden Towers, an Alaska State Housing Authority apartment house for senior citizens. Numerous residents there had protested the transfer to council members.

2. Mrs. Stoltz also contends and the Board held that since the proposed location is outside the "bar block" created by Resolution 2245, the City Council impliedly approved of a bar at the proposed location. This is an absurd inference, which if taken to its extreme would mean that the city council issued a blanket approval of all transfers to locations outside the bar block,

without regard to the merits of such transfers.   We find this point to be without merit.