Loren **BERGMANN, d.b.a. Travelounge and Bottle Shop, petitioner, Appellant,**

v.

**CITY OF MELROSE, et al., Respondents.**

No. CO–87–2046.

Court of Appeals of Minnesota.

March 15, 1988.

Thomas W. Lies, Schroeder, Pennington & Lies, St. Cloud, for appellant.

Robert Pottratz, Melrose City Atty., Meyer, Meyer & Pottratz, Melrose, for respondents.

Heard, considered and decided by PARKER, P.J., and NIERENGARTEN and SCHULTZ *, JJ.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## OPINION

PARKER, Judge.

Appellant Loren Bergmann, d.b.a. Travelounge and Bottle Shop, applied for renewal of his liquor licenses for 1987 from respondent City of Melrose. After a contested-case hearing before an administrative law judge (ALJ), the ALJ recommended denying Bergmann's application. The city council then denied Bergmann's application because (1) there were unpaid real estate taxes and special assessments on the premises, and (2) Bergmann failed to operate a family restaurant in conjunction with his liquor store and the operation of that restaurant was a condition of the issuance of the license. Bergmann challenged the city council's action as arbitrary and capricious and as unconstitutionally denying him equal protection of the laws. The trial court disagreed. We affirm.

## FACTS

In 1980, Bergmann purchased the Travelounge Family Restaurant (bar and restaurant) and Bottle Shop (liquor store) from the Small Business Administration (SBA) by a contract for deed. Shortly thereafter, he applied for on-sale and off-sale intoxicating liquor licenses and a Sunday on-sale liquor license from the Melrose City Council (city or city council). His stated purpose was to operate a liquor store and restaurant on the property located at the corner of Interstate 94 and Highway 13 interstate interchange in the City of Melrose. The city council granted the licenses conditioned upon a family restaurant being operated on the premises. Bergmann agreed to that condition.

Around November 1981, Bergmann began operating an off-sale liquor store (the Bottle Shop) on the property, but did not conduct business as an on-sale bar or restaurant. Concerned that Bergmann was not operating the restaurant as he had promised, the city council advised Bergmann that it would not renew his liquor licenses for 1982 unless he provided it with written assurance that a restaurant would

be in operation on the premises. Again agreeing to the condition, Bergmann provided the requisite written assurance.

On June 19, 1982, the Travelounge Family Restaurant opened for business and was in continuous operation until the end of 1983, when the bar, restaurant and liquor store closed. A sign indicated that they were "Closed for Repairs." In March 1984 all three reopened. The bar and restaurant closed again on December 31, 1985, never reopening, and Bergmann did not obtain any restaurant licenses for 1986 or 1987. A sign outside announces, "Closed for Repairs." The liquor store has remained open since March 1984.

As part of its routine licensing renewal process, the city council learned in December 1986 that taxes for the Travelounge and Bottle Shop premises were delinquent. Shortly after purchasing the property, Bergmann had become embroiled in a dispute with the SBA regarding the taxation of the property. Consequently, the real estate taxes and special assessments on the property went largely unpaid for the years 1983 through 1986. As of January 31, 1987, unpaid taxes, penalties and assessments totaled over $10,000.

Spurred on by the unpaid taxes, the city initiated proceedings to deny Bergmann's liquor license renewals. A contested-case hearing was held before an ALJ, who recommended denying the liquor licenses because (1) there were unpaid taxes and special assessments on the property, and (2) Bergmann had discontinued operation of the restaurant which was required by his licenses. Adopting the ALJ's findings, the city council denied the license renewals. Bergmann then obtained an alternative writ of mandamus, which the trial court later quashed. After the trial court upheld the city council's action, Bergmann paid all outstanding taxes owed on the premises.

## ISSUES

1. Did the city council act arbitrarily and capriciously in refusing to renew Bergmann's liquor licenses?

2. Did the city council's conditioning of the issuance of the liquor licenses on the operation of a restaurant deprive Bergmann of equal protection of the laws?

3. Is the City of Melrose entitled to attorney's fees on appeal?

## DISCUSSION

### I

■ A city council has broad discretion in determining whether to renew a liquor license, and a court's scope of review of such a determination is narrow. *See Wajda v. City of Minneapolis*, 310 Minn. 339, 343, 246 N.W.2d 455, 457 (1976). The supreme court has been reluctant to overturn a municipality's discretionary action in the issuance or nonissuance of a liquor license. *See id.* Reversal is not compelled unless the city council's action is unreasonable, arbitrary or capricious. *Id.* The applicant bears the burden of proving that the city council acted in an arbitrary manner. *Country Liquors, Inc. v. City Council of the City of Minneapolis*, 264 N.W.2d 821, 824 (Minn.1978).

### A. Failure to Operate a Family Restaurant

Bergmann claims that conditioning his liquor licenses on the operation of a family restaurant is arbitrary, capricious and unreasonable.

■ A city may subject businesses conducted on premises where liquor is sold to reasonable regulations and conditions necessary to control its sale. *See Cleveland v. Rice County*, 238 Minn. 180, 183, 56 N.W.2d 641, 643 (1952). It may also require license holders to make certain concessions in exchange for their licenses.

The license to sell [alcoholic] beverages is not a property right but is in the nature of a privilege, and, as such, subject to reasonable regulations. The disadvantage of most "privileges" is that to obtain them one must give up certain "rights." The simple result in this case is that to enjoy the profits of this type of business, one must make certain concessions, among them the possibility of be-

ing restricted in the use of the premises on which such sale is licensed.

*Id.* at 185, 56 N.W.2d at 644 (citation omitted).

■ Bergmann has failed to meet his burden of showing that requiring the operation of a restaurant in connection with his liquor store was unreasonable. A city has discretion to promote its welfare by limiting the number of liquor licenses issued within its jurisdiction. *Polman v. City of Royalton,* 311 Minn. 555, 556, 249 N.W.2d 466, 467 (1977). The city council determined that the city's welfare would not be served by issuing a liquor license to another establishment just for the purpose of selling liquor. The city already has four on-sale and off-sale liquor establishments in its downtown area and does not desire a liquor-store-only operation within its boundaries.

It was reasonable for the city council to encourage the operation of a family restaurant by conditioning the issuance of liquor licenses on such operation. Since the first liquor license was issued for the premises 13 years ago, all liquor licenses issued there have been predicated on the operation of a restaurant. Furthermore, the city council expressly found that the city needed a family restaurant. The only other family restaurant burned down in 1975. Finally, and perhaps most significantly, Bergmann *agreed* to the condition, both initially, when he first applied for the licenses, and in 1982, when he provided written assurance that he would operate a restaurant.

The fact that the restaurant and bar never made a profit does not make the council's decision unreasonable. The record fails to show that the *combined operation* of the liquor store and the restaurant was unprofitable.

### B. Unpaid Taxes and Assessments

Bergmann seems to complain that the fact that the real estate taxes and special assessments were owing on the premises at the time of his application should not have barred the renewals, because the SBA was responsible for their payment.

Melrose City Ordinance 1978–1–A § 6, subd. 2, provides:

No license shall be granted for operation on any premises on which taxes, assessments or other financial claims of the city are delinquent and unpaid.

■ Bergmann does not challenge the validity of the ordinance. In the absence of such a challenge, the private dispute between the SBA and Bergmann is irrelevant to determining whether the city's action was arbitrary and capricious. The ordinance plainly requires the city to refuse a license when taxes *"on any premises"* are unpaid. The ordinance does not tie issuance of licenses to the payment of taxes by any specific person, such as the owner of record. Further, Bergmann knew of the outstanding taxes and, according to the contract for deed, was responsible for paying all outstanding taxes for 1980 and prior years and all taxes subsequently levied. Because the taxes were not paid, the city council properly denied Bergmann the liquor license renewals.

Bergmann's subsequent payment of the taxes does not alter our conclusion. We must judge whether the city council's action was arbitrary and capricious on the facts existing when it acted.

We conclude that the city did not act arbitrarily or capriciously but, rather, was scrupulous in selecting the procedures it used to deny Bergmann's licenses. Any rights Bergmann had were adequately protected by the contested-case hearing before the ALJ, followed by the city council's review of the evidence.

### II

Bergmann also claims that placing the condition on his liquor licenses, but not on other licenses granted by the city, denies him equal protection of the laws under the Minnesota and United States constitutions. He suggests that the city has devised two "classes" of license holders, i.e., conditional license-holders and unconditional license-holders.

■ Assuming a classification scheme exists, we must uphold the classification if, under the familiar "rational basis" test, the classification is rationally related to the achievement of a legitimate governmental purpose. *See Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 464, 101 S.Ct. 715, 723–24, 66 L.Ed.2d 659 (1981), *reh'g denied*, 450 U.S. 1027, 101 S.Ct. 1735, 68 L.Ed.2d 222 (1981). Additional principles limit our review of the constitutionality of legislative classifications. First, statutes carry a presumption of constitutionality; it is not the judiciary's role to question the factual accuracy or political wisdom of the reasoning underlying the legislative analysis. *In re Harhut*, 385 N.W.2d 305, 311 (Minn.1986). Second, the person challenging the classification under the rational-basis test must prove unconstitutionality beyond a reasonable doubt. *Id.*

Analyzing the equal protection issue in two parts, in accordance with *In re Harhut*, this court must answer the following questions: (1) Does the city have a legitimate governmental purpose in conditioning the issuance of liquor licenses on Bergmann's operation of a restaurant? (2) Was it reasonable for the city to believe that that condition would promote that purpose? *See id.*

■ We hold that a city may legitimately issue a liquor license to encourage the establishment of a needed family restaurant. It is well-established that an exercise of the police power will be upheld when it has for its object the public welfare and when it is reasonably related to the attainment of that objective. *State ex rel. Gopher Sales Co. v. City of Austin*, 246 Minn. 514, 517, 75 N.W.2d 780, 783 (1956). The record confirms that the public welfare would be served by the establishment of a family restaurant in the City of Melrose. The city has been without a family restaurant since 1975, and the council expressly found that it needed one. Additionally, the city already has four on-sale and off-sale liquor establishments, has never had a liquor-store-only operation, and specifically found that it does not need additional liquor-only establishments.

The city could have denied Bergmann liquor licenses altogether. *See Polman*, 249 N.W.2d at 467. However, it decided to grant the liquor licenses to induce the operation of a restaurant. Providing a property owner with an incentive to use his or her property in a particular way that serves the public welfare is a legitimate exercise of the police power.

■ The city may also restrict non-restaurant liquor establishments to its downtown area to allocate its limited police resources effectively. Locating liquor establishments in particular areas for law enforcement purposes is a legitimate exercise of a city's police powers. *Cf. Cleveland*, 238 Minn. at 186, 56 N.W.2d at 645 (liquor regulation which establishes a classification on the basis of the difference in police supervision between rural and urban areas is founded on a reasonable basis).

Under the second part of the *Harhut* test, it was clearly rational for the city to conclude that the condition might induce the operation of a family restaurant. Whether the condition induces Bergmann *in fact* to operate a restaurant is not the question. *See Clover Leaf Creamery*, 449 U.S. at 464, 101 S.Ct. at 723–24. Bergmann may ultimately decide that financial constraints would make the operation of a liquor store/restaurant combination impossible. Nevertheless, the equal protection clause is still satisfied, because the city *could have rationally decided* that the condition *might* induce Bergmann to operate a restaurant. *See id.*

■ It was also rational for the city council to conclude that locating all liquor-only establishments in the downtown area would facilitate law enforcement and liquor control. An establishment that serves only liquor is qualitatively different from a restaurant that serves liquor only as an adjunct to food. *Cf. Anton's, Inc. v. City of Minneapolis*, 375 N.W.2d 504, 507 (Minn. Ct.App.1985) (liquor establishment with live music and dancing is qualitatively different from restaurant serving liquor). The city could reasonably have concluded that an additional liquor-only establishment, located away from the downtown area where

police patrols of liquor establishments are concentrated, would unduly burden its limited police resources.

### III

The city claims it is entitled to attorney's fees on appeal because Bergmann's appeal was frivolous, under Minn.Stat. § 549.21, subd. 2 (1986). The city contends that Bergmann admitted that "his failure to pay the taxes was a sufficient ground for denial of his application." Although we could have affirmed the denial of the liquor licenses solely on the basis of the unpaid taxes, Bergmann did not make the claimed concession. We do not deem this appeal frivolous. Accordingly, we deny the request for attorney's fees.

### DECISION

Affirmed.