[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Frank Lepri, appeals the decision of the defendant Board of Firearms Permit Examiners (the "Board") revoking his permit to carry a pistol or revolver. Acting pursuant to General Statutes § 29-32b, the Board found that the plaintiff was not a suitable person under § 29-32. The plaintiff appeals under General Statutes § 4-183. The court finds the issues in favor of the Board.
On August 17, 1995, the Seymour Police Department notified the plaintiff that his permit to carry a pistol was revoked as the result of a May 8, 1995 incident in which the plaintiff was accused of pointing a weapon at a neighbor,[1] for which the plaintiff was subsequently arrested.[2] (Return of Record for Appeal Dated December 26, 1997 [ROR-I]: Letter from Officer Paul CT Page 11057 Haluschak, Seymour Police Department, to Frank Lepri). On August 23, 1995, the plaintiff also received notice from the Department of Public Safety of the revocation of his permit. (ROR-I: Letter from Det. Michael Bochicchio, Special Licensing Firearms Unit, to Frank Lepri). The plaintiff appealed the decision to revoke his pistol permit to the Board pursuant to General Statutes §29-32b(b). On August 7, 1996, following a hearing held pursuant to § 29-32b(d)-(e), the Board affirmed the decision to revoke the permit. (Return of Record for Appeal Dated November 8, 1996 [ROR-II]: Letter from Board to Frank Lepri). The plaintiff now appeals the Board's decision to this court.
The plaintiff argues in support of his appeal that the Board's decision was clearly erroneous in light of the reliable, probative and substantial evidence in the record and that the Board's conclusion that the plaintiff is not a suitable person to hold a handgun permit was arbitrary, capricious, an abuse of discretion or an unwarranted exercise of discretion.
"The standard of review in appeals from the decisions of administrative agencies is clearly delineated. Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, §§4-166 through 4-189) and the scope of that review is very restricted." (Internal quotations marks omitted.) State Board ofLabor Relations v. Freedom of Information Commission,244 Conn. 487, 494, 709 A.2d 1129 (1998). General Statutes § 4-183(j) provides, in pertinent part: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . ." General Statutes §4-183(j). "With regard to questions of fact, it is neither the function of the trial court nor of [the appellate courts] to retry the case or to substitute its judgment for that of the administrative agency. . . . Judicial review of the conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, CT Page 11058 illegally, or in abuse of its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." (Citations omitted; internal quotations marks omitted.) State Board of Labor Relations v. Freedom ofInformation Commission, supra, 244 Conn. 495. With respect to an agency's factual findings, "if the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Connecticut Building Wrecking Co. v. Carothers,218 Conn. 580, 601, 590 A.2d 447 (1991). "Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Office of Consumer Counsel v.Department of Public Utility Control, 244 Conn. 18, 36, ___ A.2d ___ (1998).
In the present case, the Board found that:
"1. The [plaintiff] was arrested for Breach of Peace based on a complaint of a neighbor who was frightened because he was pointing a bazooka. Another person on the neighbor's property at the time confirmed the complaint in a separate statement.
"2. The [plaintiff] admitted he and a friend were aiming the bazooka in his yard at the time, but they did not feel anyone else could see it." (ROR-II: Letter from Board to Frank Lepri). The Board concluded that, based on these findings of fact, "there is just and proper cause for the revocation of a permit to carry pistols and revolvers because, based on the facts produced at the hearing, the [plaintiff] is not a suitable person." (ROR-II: Letter from Board to Frank Lepri).
"This court and other courts of the state have had numerous occasions to review conclusions by the defendant board that a permit holder is or is not a suitable person to hold a permit to carry a handgun within the meaning of General Statutes §§29-28 to 29-32b. In order to determine that a person is `unsuitable' to continue to hold a gun permit, the law requires that there be facts sufficient to show generally that he or she lacks `the essential character or temperament necessary to be entrusted with a weapon.'" Fellows v. Board of Firearms Permit Examiners, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 558357 (February 7, 1997, Maloney, J.), CT Page 11059 quoting Dwyer v. Farrell, 193 Conn. 7, 12, 475 A.2d 257 (1984);Rabbitt v. Leonard, 36 Conn. Sup. 108, 115-16, 413 A.2d 489
(1979). "More specifically, the facts found by the board should show or provide a logical inference that the person poses some danger to the public if allowed to carry a weapon outside the home or business." Fellows v. Board of Firearms Permit Examiners, supra, Superior Court, Docket No. 558357, citing Storace v.Mariano, 35 Conn. Sup. 28, 33, 391 A.2d 1347 (1978). Suitability "is not defined by the law so that its application can be determined as mere matter of eye-sight, but it is left necessarily to be determined solely by the judgment of the commissioners based upon inquiry and information. And that the particular manner of exercising such judgment cannot be controlled by any court is too obvious to require the citation of any authorities." Batters v. Dunning, 49 Conn. 479, 480 (1882).
A review of the record indicates that there is substantial evidence to support the Board's finding that the plaintiff was not a suitable person to hold a pistol permit. For example, there was testimony at the administrative hearing that the plaintiff pointed the bazooka in the direction of the neighbor who made the complaint as well as others who were on or near the neighbor's property, including children. (ROR-II: Transcript of Hearing Before Board of Firearms Permit Examiners ("Transcript"), pp. 3-4, 8, 10; ROR-I: Seymour Police Department Investigation Report; ROR-I: Statement by Michelle Harkins to Seymour Police Department; ROR-I: Statement by Joseph Giordano to Seymour Police Department). An excavator who was doing work for the neighbor stated to police that the plaintiff pointed the bazooka at him and his truck, and that "he thought that the man was going to blow his truck away." (ROR-II: Transcript, p. 12; ROR-I: Seymour Police Department Investigation Report; ROR-I: Statement by Joseph Giordano to Seymour Police Department). Although there was testimony by the plaintiff and his companion that the two were merely sighting the bazooka and were not knowingly pointing it in the direction of people; (ROR-II: Transcript, p. 19); the court may not disturb substantial evidence in the record, even where there is other evidence to the contrary. See Newtown v. Keeney, 234 Conn. 312, 319-20, 661 A.2d 589 (1995). Moreover, the court may not retry the case or substitute its judgment for that of the administrative agency.
It was not unreasonable for the Board to conclude, based on the evidence in the record, the testimony adduced at the hearing and its own judgment, that the plaintiff is unsuitable to hold a pistol permit, as the facts support the inference that the CT Page 11060 plaintiff at least lacked the requisite judgment, character or temperament necessary to be entrusted with a weapon. The fact that the bazooka was unloaded and inoperable is irrelevant to this determination, as is the fact that the charges against the plaintiff for breach of peace in connection with this incident were nolled. The Board's conclusion that the plaintiff is not a suitable person falls squarely within the Board's discretion, and could have reasonably and logically followed from the facts adduced at the hearing because the administrative record affords a substantial basis of fact from which the conclusion can be inferred. It was not, therefore, unreasonable for the Board to conclude that the plaintiff is not suitable to continue to hold a pistol permit.
For the foregoing reasons, the plaintiff's appeal is dismissed.
SO ORDERED:
Joseph H. Sylvester JUDGE OF THE SUPERIOR COURT