WHITTINGTON, Ex Parte.

1. STATUTES: *Permissive words in, when imperative.*
Permissive words in statutes, in many cases, impose a duty on tribunals, which will be enforced by mandamus. But it is always in cases where the public interest, or vested private rights, are to be thereby protected or enforced. The power to give the citizen full, adequate and complete relief, or the power to promote the public interest in some prescribed mode, implies the duty to exercise it when the occasion arises. In all other cases, the words *may,* or *it shall be lawful,* imply discretion, and are used in contradistinction to *must* or *shall.*

2. LIQUOR LICENSE: *Discretion of county court in granting.*

Under the act of May 30, 1874, regulating the licensing of dram-shops, the county court had the discretion to grant or refuse the license petitioned for, and its action was final.

3. MANDAMUS; *Discretion not controlled by.*

Where a court has discretion, it can not be controlled by mandamus.

APPEAL from *Scott* Circuit Court.

Hon. J. H. ROGERS, Circuit Judge.

*Clendening and Landells*, for appellant.

EAKIN, J. At the election held on the first Monday in November, 1878, a majority of the voters in Hickman township, Scott county, voted " for license." On the eighth of January following the election, Whittington applied to the county court for license to keep a dram-shop in said township, tendering a bond and the receipt of the collector for all the county taxes, fees and costs of officers, which had been levied on retail liquor dealers—in short, complying fully, on his part, with the law.

The county court, exercising its discretion, and without passing upon the sufficiency of the papers filed in the cause, refused the license. Thereupon the petitioner applied to the circuit court for a writ of mandamus, setting forth the facts by proper allegations and exhibits, and asking that the county court be commanded to pass upon the sufficiency of the papers ; and if they be found conformable to law, to grant the license.

The circuit court held that it was within the sound discretion of the county court to grant, or refuse the license ; and denied the prayer for a mandamus. From this ruling, the applicant appeals here; and relies upon the act of May 30, 1874 (*Pamph. Acts of 1874, p. 48*).

Before this act, the law upon the matter of retailing spirits stood upon *secs. 5717–18–19 of Gantt's Digest.* These prohibited keeping retail shops without a license from the county supervisors, which board was *authorized,* but expressly not *required,* to grant such license when the applicant should present a petition therefor, signed by a majority of the resident voters of the township. It was left to the judgment and discretion of the board, " considering the interest and general welfare of the whole county." During the recess of the court, however, the clerk might be *authorized by the board* to issue such license, on a proper petition, until the next meeting.

This was a very well guarded act on a dangerous subject, exhibiting a due regard to the views of those citizens who might consider the retail of liquors by the drink as safe, under wholesome regulations, and at the same time endeavoring so to control it as to avoid the manifold evils to society and good government which would result from an indiscriminate use of the privilege.

The board had no authority at all to grant the license until a majority of the voters had signified their confidence in some particular man as fit to exercise it, and even then were not compelled to regard the recommendation. Whether the clerk could permit it in vacation upon such recommendation, depended altogether on the confidence which the board might have in *him.* The board might empower him to do so, or not, in its discretion.

Evidently the legislature of 1874 did not consider the safeguards sufficient. Perhaps it resulted from the good-natured facility with which voters who might be opposed to the general policy signed the petitions of friends, from personal favor, or from a private desire to show no discrim-

ination amongst acquaintances. Whatever the motive may have been, the legislature did change the system.

The act now relied .upon, provided that the question should be submitted to the qualified voters of the township, ward of a city, or incorporated town; and if a majority of the votes should " be cast for license, then it shall be lawful for such board of supervisors (now the county court) to grant licenses in such townships," etc.; and it was further made expressly unlawful to grant them for one year after such action, if the majority were against it.

It was further required that the applicant for the privilege should enter into a bond of $2,000 to pay all damages occasioned by reason of liquors drank at his house; and to pay all money lost at gaming in his saloon or dram-shop; and it was provided that any person aggrieved might sue on the bond, both principal and sureties.

The penalty for keeping such a house, without license, was increased from a maximum fine of $50, to a maximum of $100, and the additional punishment of imprisonment in jail not less than thirty days.

This act bears upon its face the marks of an anxious solicitude to build up further safeguards against a dangerous traffic.

It was a matter wholly within the constitutional control of the legislature as a police regulation.

There was a general repeal of all laws in conflict with it. The appellant contends that upon compliance with the requirements of the law on his part, the policy of the act will be satisfied, and that in this case the terms "it shall be lawful" are equivalent to "shall." In other words, that the jurisdiction and discretion of the court extends to satisfy itself that the bond is good; and that the law has been

complied with, and, thereupon, to issue the license, without discretion.

Permissive words in many cases impose a duty on tribunals which will be enforced by mandamus. But it is always in cases where the public interests, or vested private rights, are to be thereby protected or enforced. The power to give the citizen full, adequate and complete relief, or the power to promote the public interest in some prescribed mode, implies the duty to exercise it when the occasion arises. In all other cases the terms *may*, or *it shall be lawful*, imply discretion, and are used in contradistinction with *must*, or *shall*. None of the cases cited by appellant contravene this rule.

The effect of the act of 1874 is to substitute for the special petition, in favor of an individual, a general vote of the township or ward on the policy of granting licenses at all. The majority of the electors may prohibit it altogether; or, if they permit it, they must be understood to do so with all the safeguards against abuse which the law affords. Otherwise, there would be no use for any petition to the county court at all. The clerk might have been ordered to take the bond and the receipts, as ministerial acts.

The retail traffic is one which confessedly requires to be kept in prudent hands. Under the general laws of the state it is forbidden. It can not be said that it concerns, or any way promotes, the public interests for any one to exercise it. No one has a vested right to do so, which he can ask to be enforced. The former law *expressly* left it to the court to determine both the fitness of the traffic, and of the persons to exercise it, notwithstanding the petition of a majority. There is nothing in the last act to contravene this. There is everything to indicate that the legislature meant to double the guards against abuse. The county court

must be presumed to act with a view to the public interests, and if it does not, the legislature may take away its discretion, or the people may elect more satisfactory judges.

The county court had the discretion in this case to grant or refuse the license, and acted upon it finally.

Where a court has discretion, it can not be controlled by mandamus.

Affirm the judgment.