A. M. STANLEY v. ISAAC MONNET, *as Probate Judge of Sumner County.*

*Original Proceedings in Mandamus.*

THE opinion, filed February 5, 1886, states the case.

*McDonald & Parker,* and *Isaac G. Reed,* for petitioner.
*Murray & Berry,* contra.

*Per Curiam:* On February 10, 1885, A. M. Stanley, engaged in the business of a druggist, in Wellington, Sumner county, applied to Isaac Monnet, as the probate judge of that

county, for a permit to sell intoxicating liquors for medical, scientific and mechanical purposes. On February 11, 1885, the probate judge refused to grant the permit. On February 14, 1885, this court granted an alternative writ of mandamus against Monnet, upon the application of Stanley, requiring him to issue to the latter a permit, or show cause why he did not do so. Subsequently, a motion to quash the alternative writ was filed, which alleged, among other things, that the writ did not state facts sufficient to entitle the plaintiff to maintain his action. In support of the motion, it is contended that the issuing of a permit requires the exercise of official judgment or discretion on the part of the probate judge, and that mandamus will not lie to control his judgment or discretion. Sec. 2 of chapter 128, Laws of 1881, in force at the time the plaintiff presented his petition and bond to the probate judge, among other things provides:

"Such probate judge is hereby authorized, *in his discretion*, to grant a druggists' permit for the period of one year, to any person of good moral character who is lawfully and in good faith engaged in the business of a druggist in his county, and who *in his judgment* can be intrusted with the responsibility of selling said liquors for the purposes aforesaid, in the manner hereinafter provided. . . . The probate judge shall consider such petition and bond [presented], and if satisfied that the petition is true, and that the bond is sufficient under this act, may in his discretion grant a permit to the applicant to sell intoxicating liquors for medical, scientific and mechanical purposes only."

We think the motion to quash must be sustained. The probate-judge is vested by the statute with discretionary power in granting permits, and the duty to do so is not peremptory and absolute. It is not claimed that the probate judge refused to receive or consider the application presented. He has heard the application, and determined not to grant the same. He refuses to give his reasons therefor, but that is immaterial: he has acted. (*The State v. Robinson*, 1 Kas. 188 ; *King v. Licensing Justices*, 4 Dow. & Ry. 735; High on Mandamus, §§ 42, 44.)

It is not alleged in the alternative writ, or otherwise, that the probate judge has arbitrarily refused all permits in his county, nor is the constitutionality of said § 2 challenged or discussed.

The writ will be quashed, and judgment rendered against the plaintiff for costs.