(65 App. Div. 123.)

### PEOPLE ex rel. ARMSTRONG v. MURPHY, Police Com'r.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

THEATRICAL LICENSES—MANDAMUS—DISCRETIONARY POWER.

New York City Charter, § 1473 et seq., providing that the police department is "authorized and empowered" to grant theatrical licenses, vests a discretionary power in the department, not controllable by mandamus.

Appeal from special term, New York county.

Application by the people, on the relation of Paul Armstrong, for a writ of mandamus against Michael C. Murphy, as police commissioner of New York City. From an order denying the writ, petitioner appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles H. Luscomb, for appellant.

Theodore Connoly, for respondent.

O'BRIEN, J. The petitioner applied for a writ of mandamus commanding the commissioner of police, under the provisions of sections 1472, 1473, and 1474 of the charter of the city of New York, to grant a theatrical license for the theater or premises known as the "Circle Theater," on the southwest corner of Sixtieth street and Broadway. On the receipt of the request for a license, the matter was referred by the police commissioner to an inspector, who, after giving those in favor and those opposed an opportunity to be heard, reported against the granting of the license. This report was adopted by the police commissioner, and he swears that he exercised his best judgment in denying the application. To the extent, therefore, that it was discretionary, if the question before us were as to whether that discretion was properly exercised, it would, upon this record, be our duty to uphold its exercise, based, as it was, upon proper and sufficient grounds.

The appellant, however, insists that the statute imposed an imperative duty on the police commissioner, upon receipt of the fee, to grant the license, and, it having been refused, that the relator is entitled to the writ of mandamus. The law is well settled; for, as said in People v. Grant, 126 N. Y. 482, 27 N. E. 967: "To obtain relief by mandamus, it is necessary that the relator should show an invasion of a clear legal right." And also, as therein said (page 481, 126 N. Y., and page 967, 27 N. E.):

"A power to grant a privilege to one is inconsistent with the possession on the part of another of an absolute right to exercise such privilege. The requirement that a person must secure leave from some one to entitle him to exercise a right carries with it, by natural implication, a discretion on the part of the other to refuse to grant it, if, in his judgment, it is improper or unwise to give the required consent."

The question thus presented is not a new one, and a reference to the language of the statute here involved and the authorities bearing upon similar statutes will show that the contention of the appellant is unsound.

The language employed in section 1473 of the charter, which is the only one from which it is necessary for us to quote, is that:

"The police department is hereby authorized and empowered to grant such license, to continue in force until the first day of May next ensuing the grant thereof, on receiving for each license so granted, and before the issuing thereof, the sum of five hundred dollars. * * *"

This language is almost identical with that of section 1999 of the consolidation act, under which the authority to grant licenses was vested in the mayor, whereas, by the provisions of the charter which we have quoted, such power is now lodged with the police department. This very contention now made as to the intent and meaning of the words "authorized and empowered," which are to be found in both statutes, was involved in the case of People v. Grant, 58 Hun, 455, 12 N. Y. Supp. 879; and Justice Barrett, who wrote the opinion therein, thus disposes of it (page 457, 58 Hun, and page 880, 12 N. Y. Supp.):

"The relator's contention is that these words, 'authorized and empowered,' should be construed as imperative, and he cites authorities for the proposition that permissive words may sometimes be treated as mandatory. * * * The rule undoubtedly is that where public bodies or officers are empowered to do that which the public interests require to be done, and adequate means are placed at their disposal, the proper execution of the power may be insisted upon, though the statute conferring it be only permissive in its terms. Mayor, etc., v. Furze, 3 Hill, 612. The word 'may' is thus construed at times to mean 'must.' But why, it may be asked, should this construction be given to the act under consideration? What public interest demands that the mayor should be required, under all circumstances, to accept the fee and grant the license? It seems to me that it is quite the other way. The public good clearly requires that the permissive words in question should be read in their natural and ordinary sense."

See, also, People v. Thacher, 42 Hun, 349; Same v. Wurster, 14 App. Div. 556, 43 N. Y. Supp. 1088.

These latter cases, in addition to those from which we have quoted, are authorities in support of the view that the power vested

in the police department to grant or withhold licenses is discretionary, and is not controllable by mandamus.

The order should therefore be affirmed, with $10 costs and disbursements. All concur.

