MARY GROSS *et al. vs.* THE MAYOR AND CITY
COUNCIL OF BALTIMORE *et al*

*Mandamus—Baltimore City Solicitor.*

A writ of mandamus will not be issued to compel the Baltimore City Solicitor to bring to trial a case at law instituted to condemn a right of way for the opening of a city street, directed by ordinance to be opened, since his duties in the premises are discretionary, and not such as may be controlled by mandamus.

*Decided December 3rd, 1909.*

Appeal from the Baltimore City Court (DOBLER, J.).

The cause was argued before BOYD, C. J., PEARCE, SCHMUCKER, BURKE, THOMAS and PATTISON, JJ.

*August W. Schnepfe,* for the appellants.

*W. H. DeC. Wright* (with whom was *Edgar Allan Poe* on the brief), for the appellees.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from an order of the Baltimore City Court dismissing a petition for a writ of mandamus.

The petition was filed by the appellants as owners of property fronting on Cross street near the intersection of that street with the Baltimore and Ohio Railway tracks. Its purpose was to compel the City of Baltimore to condemn or cause to be condemned and opened the part of Cross street which crosses the right of way of the railroad. The City, the Commissioners for Opening Streets and the City Solicitor were all made defendants to the proceeding.

All of the defendants demurred to the petition. The Court sustained the demurrers of the City and the Commissioners for Opening Streets but overruled that of the City Solicitor who then filed an answer which was demurred to by the petitioners. The demurrer to the answer having been overruled, the proceeding came to a hearing upon petition and answer accompanied by an admission that the appellant Mary Gross was the owner of the property mentioned in the petition and that the facts alleged in the answer were true. After hearing the case the Court dismissed the petition by the order from which the appeal was taken.

The material allegations of the petition for the writ are:

That Mary Gross one of the petitioners is the owner of two improved lots of ground on Scott street near the point where it abuts on the right of way of the Baltimore & Ohio Railroad, and that she and her co-petitioner as partners are conducting a grocery, feed and provision business in the

buildings on the lots and in that connection employ a great many horses, wagons and carts.

That Scott street is a public highway of the City opened, paved and curbed on both sides of the right of way of the railroad company which has constructed and maintains a fence, on both sides of its right of way, entirely across Scott street completely obstructing north and south travel on the street at that point and compelling persons and vehicles to make a long detour to get from the northern to the southern portions of the street.

That the City Council had passed an ordinance in June, 1900, directing the Commissioners for Opening Streets to condemn and open Scott street across the right of way of the railroad at Ostend street, and that the commissioners had proceeded so far under the ordinance as to assess the benefits and damages therefor and Mary Gross had paid the assessment for benefits to accrue to her property, but they refused to go on and complete the condemnation and opening of the street although they had been urgently requested to do so by the petitioners.

That the railroad company had appealed from the assessment of damages to the Baltimore City Court and from its decision to this Court and that we reversed the judgment of the City Court and sent the case back to it for a new trial, the case being reported in 98 Md. 535, but the City Solicitor, whose duty it is to try all cases for the city, would not, although urgently requested by the petitioners to do so, proceed with the retrial of the case.

The answer of Edgar Allan Poe, the City Solicitor, denies that the petitioners have ever paid any benefits assessed to them for opening of Scott street under the ordinance of June 12th, 1900, or that they have paid anything to the city for or on account of the opening of that street across the railroad's right of way. It avers that the benefits paid by the petitioners amounted to but nine dollars and thirty-seven cents and were for benefits assessed under an ordinance of March 11th, 1885, for the opening of Scott street which the

Court. held, in *Baltimore* v. *Cowen,* 88 Md. 447, had not amounted to a condemnation of the railroad's right of way.

The answer further avers that the reason for not bringing to a retrial the case remanded for a new trial in 98 Md. 535 was that in the new trial the city would be confronted with evidence tending to show that, owing to the nature of the location with reference to the Belt Line tunnel and the number of tracks at that place and their curvature, the crossing would be a difficult and costly one and that the evidence was such as to threaten the city with a heavy verdict for damages in the event of a new trial of the case. That while that situation was under consideration by the different officials of the city concerned therein, a comprehensive plan was proposed and is being considered by the city for the overhead crossing of the right of way of the railroad in the portion of South Baltimore, including the vicinity of Scott street, which, contemplated the removal of the railroad tracks from the portion of the right of way now under consideration. That under those circumstances it was considered by the city officials unwise to press the re-trial of the case until after a plan of overhead crossings had been determined upon, and that, as no other holder of property to be affected by the opening had urged the hastening of the re-trial, the slight loss caused to the petitioners by the present delay was infinitesimal as compared with the large public interests involved in the situation and the great cost which might be inflicted upon the city by insisting on the re-trial at this time.

The answer further avers the entire willingness of the City Solicitor to press the case for re-trial and to re-try it at the earliest day the City Court will fix for that purpose but he suggests to the Court here the propriety of delaying it until after the adoption of the plan for overhead crossings already mentioned.

There is a provision in the Baltimore City Charter that in all appeals to the City Court from the action of the Commissioners for Opening Streets that Court may and shall appoint a day for hearing by it of the appeal from the commissioners

which shall not be less than five nor more than thirty days from the expiration of the time limited for taking such appeals; but there is no provision of the Charter relative to the time of the re-trial of cases remanded by this Court as the result of an appeal to us from the City Court.

Assuming that the appellants by reason of their ownership of property abutting on Cross street have a right to apply for the mandamus, if that be the appropriate remedy for their alleged grievance, we will consider whether the duty which they seek to compel the City Solicitor to do is one the performance of which can be compelled by mandamus. This Court has had frequent occasion to determine under what circumstances that process can be used to compel the performance of duties by public officials. The essential question to be determined in all such cases is whether the nature of the duty is imperative or discretionary. If it be the former the writ will be granted or not acording to the merits of the case, but if it be the latter, the writ will not be granted at all. *Geo. Creek C. & I. Co.* v. *County Commissioners,* 59 Md. 259; *Green* v. *Purnell,* 12 Md. 329; *Miles* v. *Bradford,* 22 Md. 170; *Wailes* v. *Smith,* 76 Md. 469; *McCrae* v. *Roberts,* 89 Md. 238; *Manger* v. *Board of Examiners,* 90 Md. 659.

Even in cases where mandamus is the appropriate remedy it is not demandable *ex debito justitiæ* but it will be granted or not in the discretion of the Court, and only if it be apparent upon consideration of all of the circumstances of the case, that some just or useful purpose may be answered by it. *Geo. Creek C. & I. Co.* v. *Co. Commrs., supra; Booze* v. *Humbird,* 27 Md. 1; *Weber* v. *Zimmerman,* 23 Md. 45; *State* v. *Graves,* 19 Md. 351; *Summerson* v. *Schilling,* 94 Md. 582.

We think the learned Judge below correctly applied these well-settled principles to the case at bar and committed no error in dismissing the appellant's petition. The City Solicitor is by no means a mere ministerial officer charged with the performance of imperative duties. The Baltimore City

Charter in section 62 provides that "the City Solicitor shall be the legal adviser of the Mayor and City Council of Baltimore and its several departments and special commissions or boards and he shall have general supervision and direction of all legal business of the city. He shall have charge of the preparation and trial of all suits, actions and proceedings of every kind to which the city may be a party in any Court, local, State or Federal and he shall personally participate in the trial of all such suits in any of the Federal Courts, and in the Court of Appeals of Maryland and such suits in other Courts which the Mayor may request him to in writing try." By other sections of the Charter he is made head of the Department of Law of the City Government and his powers and duties more fully specified, but there is nothing in those sections having special relation to those of his duties whose discharge is called in question in the present case.

The duties thus imposed by the City Charter upon the City Solicitor are almost all of them in the highest degree discretionary involving in their discharge not only the exercise of judgment but the use of legal knowledge and professional skill. The only direction of an imperative nature found in the enumeration of his duties contained in the Charter is the one requiring him to personally participate in the trial of certain classes of cases. The exercise of his discretion in determining whether, in a particular situation or under a set of circumstances such as are disclosed by this record, it was, from a legal standpoint, for the city's interest to press a particular suit for trial, is one which cannot be reviewed by mandamus. Even if we regarded this exercise of discretion on his part as reviewable by us in the proceeding we should be slow to rule adversely upon it as it appears from the answer filed by him that his views as to the expediency of the course pursued by him were concurred in by all of the city officials who conferred in regard to the matter and that no other person, interested in the opening of Scott street, than the appellants had ever urged that the re-trial of

the remanded case be proceeded with in the present juncture of the movement for overhead crossings of the railroad in that section of the city.

For the reasons stated in this opinion the order appealed from will be affirmed.

*Order affirmed with costs.*