[Civil No. 3738.  Filed May 18, 1936.]

[57 Pac. (2d) 1225.]

EMERY E. OLDAKER, Plaintiff, v. THAD M. MOORE, FRANK LUKE and D. C. O'NEIL, as Members of and Constituting the State Tax Commission of the State of Arizona, Defendants.

Mr. Stanley A. Jerman, for Plaintiff.

Mr. John L. Sullivan, Attorney General, and Mr. Dudley W. Windes, Special Assistant Attorney General, for Defendants.

ROSS, J.—This is an original proceeding in *mandamus* by Emery E. Oldaker to compel the state tax commission to issue him a license to sell spirituous liquors as a restaurant retailer at 124 West Washington Street, Phoenix, Arizona.

The facts alleged in the complaint show that plaintiff in the matter of his application for such license has fully complied with the law; that the commission of the city of Phoenix has approved of his application for such license and certified a copy of its approval to the state tax commission; that the tax commission has found that he possesses the capability, qualifications and reliability made by the law a pre-

requisite to his being licensed to carry on such business, and that 124 West Washington Street is more than 300 feet from a public or parochial school.

The Attorney General, on behalf of the state tax commission, filed a general demurrer to the complaint, and by way of answer admitted plaintiff's showing of capability, qualification and reliability was satisfactory to the commission, but alleged that the commission had received from the heads of certain welfare organizations of Phoenix a protest against issuing a liquor license to plaintiff because of the proximity of 124 West Washington Street to the Strand Theater; the grounds of the protest being that many children of all classes go to the Strand Theater and congregate in front of it while waiting in line to enter, and that such children would be exposed to the undesirable influence of persons visiting and drinking in said restaurant.

It is also alleged that the tax commission made an independent investigation, and came to the conclusion that dispensing of liquors at plaintiff's place would subject children who attended the Strand Theater and congregate in front thereof to an undesirable influence, and for those reasons the license was refused.

The tax commission, in informing plaintiff of its action, wrote as follows:

"It is a pleasure for us to announce that in the protests filed there was no objection as to your character and fitness to operate a business of this kind, and that our action in disallowing your application was solely for location reasons."

The legislature has complete control over the liquor business in this state. In its wisdom it has concluded that regulation is the proper method of handling it. The qualifications and fitness of persons to engage in

the business, as also the locality where the business may be carried on, are matters for the legislature to determine. It may commit the power to issue liquor licenses to a licensing board, such as the state tax commission, without restriction, or it may name the conditions and terms upon which such licenses may issue. It may forbid the licensing of places within specified distances from schools, churches, theaters, public or institutional buildings. Whether the power conferred on the licensing body is a discretionary one or not depends entirely upon the intention of the legislature as expressed in the law. A careful examination of the law expressing the will of the legislature, which is found in chapter 46, Laws of 1935, convinces us that the discretion of the tax commission in the issuance or refusal of liquor licenses is limited and circumscribed. Section 4 of said chapter provides that a "license shall be issued by the State Tax Commission when a satisfactory showing has been made as to the capability, qualification and reliability of the applicant."

The tax commission by the same section is forbidden to grant a license to any person not a qualified elector of the state, or who within one year prior to the application shall have violated the terms or provisions of a license theretofore issued under chapter 46, *supra,* or who has within two years of application been adjudged guilty of a felony under the laws of the United States or any state. But if the applicant is a qualified elector of the state and has not within a year violated the terms of a license or within two years been convicted of a felony, and satisfies the commission that he is capable and reliable and in other respects qualified to manage a place where liquors are dispensed, he is entitled to a license.

By the above provisions the legislature intended to vest the tax commission with a very broad discretion in passing on an applicant's personal fitness. If the commission was not satisfied with the showing of personal fitness of the applicant to sell or deal in liquors and had refused on such ground to issue a license, its decision would be final, and, had it based its decision on such ground, doubtless that would have settled the matter. 15 R. C. L. 309, § 68. But the finding of the commission is that the applicant's showing of "capability, qualification and reliability" is satisfactory, and upon such a finding the law's mandate is that a "license shall be issued." In other words, the commission's judgment and discretion on the question of the applicant's fitness after investigation and deliberation was resolved in his favor, and, unless there is some other ground for denying the license, it should have issued.

However, there is one instance when it is not imperative on the tax commission to issue the license, even though the applicant's showing of personal honesty, qualification and good character is satisfactory. It is provided in section 4, *supra:*

"No retail restaurant license shall be issued . . . for any premises within three hundred (300) feet of a public or parochial school, except upon special permission granted by the State Tax Commission."

If 124 West Washington Street, the premises in which plaintiff proposes to conduct his restaurant and to retail liquors to his patrons, were within 300 feet of a public or parochial school, the refusal to issue the license would have been within the discretion of the commission and final. It is alleged, and not denied, that the premises are more than 300 feet from any such school. The license was denied "solely for location reasons," that is, because the premises are

located close to the Strand Theater, where many children go and congregate, on the theory that the dispensing of liquors to the patrons with their meals in such close proximity to the theater would expose the children to undesirable influences. The legislature has not conferred such power or discretion upon the commission.

It is within the power of the legislature to fix the locality of places where liquors may be sold and to forbid the issuance of licenses to premises within named distances from schools, churches, etc., and here the legislature has exercised that power. It has said the only institutions in the state that shall be protected against proximity of places dispensing liquors are public and parochial schools, and as to these has left it discretionary with the tax commission. *Expressio unius est exclusio alterius.*

If the legislature had conferred the general power of licensing liquor dealers on the tax commission when the commission was satisfied of the applicant's fitness, there is a line of decisions that would uphold the commission's discretion in refusing a license on the ground of nearness of such place to schools, churches, and perhaps theaters. Leading cases are *Harrison* v. *People,* 222 Ill. 150, 78 N. E. 52; *State* v. *City of Racine,* (Wis.) 264 N. W. 490; *Smyth* v. *Butters,* 38 Utah 151, 112 Pac. 809. But here the legislature has directed attention to two kinds of institutions only, public and parochial schools, that it thought necessary to protect.

We have examined the cases in which the question of the discretion of licensing bodies has been reviewed and discussed, and find the tendency of the courts everywhere is to sustain such bodies in granting or refusing liquor licenses, where there is any reasonable possibility of construing the law as conferring

such discretion, and we are impressed that is the correct attitude. 33 C. J. 552, §§ 147, 148, 149.

We have come to the conclusion that, the tax commission having found that the applicant possesses the qualifications made essential under the statute for the issuance to him of a license, and it appearing the premises in which the business is proposed to be conducted is more than 300 feet from a public or parochial school, it was the plain legal duty of the commission, upon the tender of the license fee, to issue the license to plaintiff.

If it is thought that dispensing of liquors should not be allowed near theaters and other places where children congregate or visit, the appeal is to the legislature and not the courts.

The alternative writ of *mandamus* is made peremptory.

LOCKWOOD, C. J., and McALISTER, J., concur.